Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Friday, February 26, 2010 12:00:21 PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DARYL L. BARNHART, and ) | |
| DIANA L. BARNHART, ) | Case No. 09-bk-01974 |
| ) | |
| Debtors. ) | Chapter 7 |
| ) | |
| _____ ) | |
| ) | |
| DARYL L. BARNHART, and ) | |
| DIANA L. BARNHART, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Adv. Proc. No. 09-ap-00109 |
| ) | |
| UNION BANK, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION

The court has before it a motion by Union Bank, Inc. (the "Bank") to dismiss the Debtors' complaint for failure to state a claim upon which relief can be granted. The Debtors' complaint alleges that the Bank electronically filed a proof of claim in their Chapter 7 bankruptcy case, which revealed personal identification data. Based on the Bank's filing of its un-redacted proof of claim, the Debtors seek to recover tort damages, disallowance of the Bank's proof of claim, and contempt damages.

The Bank's motion argues that the court lacks subject matter jurisdiction to adjudicate post-petition tort claims in a Chapter 7 case, and that the Debtors have failed to show that they are

1

entitled to relief under either a theory of contempt or an objection to proof of claim.

## I. STANDARD OF REVIEW

The starting point for the notice-pleading standard in federal courts is Federal Rule of Civil Procedure 8(a)(2), as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008(b). Rule (8)(a)(2) requires a complaint to state a claim for relief by presenting "a short and plain statement of the claim showing that the pleader is entitled to relief."

In adjudicating a motion to dismiss for failure to state a claim, a court must accept as true all of the well-pleaded factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This principle, however, is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Defeating a motion under Rule 12(b)(6) requires the plaintiff to provide more in the complaint than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint "must be enough to raise a right of relief above the speculative level," *id.*, and be enough to "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at 1949.

Determining whether a complaint is "facially plausible" is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.* at 1950. Dismissal on the pleadings is appropriate only if the complaint fails to plead sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" necessary for relief. *Twombly*, at 555.

## I. BACKGROUND

The Debtors filed a bankruptcy petition under Chapter 7 on August 31, 2009. On October 5, 2009, Union Bank filed a proof of claim in the clerk of court's electronic claims register database. The proof of claim contained un-redacted information disclosing the male Debtor's full social security number, birth date, telephone number and loan account number at the Bank. On October 14, 2009, the Debtors filed an "Emergency Motion to Restrict Public Access" (09-bk-01974, Doc. No. 11). That same day, the court communicated its decision to grant the Debtors' Emergency Motion, and pursuant to Federal Rule of Bankruptcy Procedure 9037(d)(2), ordered the clerk to restrict the public's access to the Bank's proof of claim in the claims register. While the written

order was entered on October 15, 2009 (09-bk-01974, Doc. No. 12), the clerk's office records show that the clerk restricted public access to the Bank's proof of claim on October 14, 2009 – the same day as the motion.

On November 5, 2009, the Debtors initiated this adversary proceeding seeking tort damages, disallowance of the Bank's claim, and contempt damages. In response, the Bank filed a motion to dismiss arguing (1) that the court lacks jurisdiction over post petition claims and (2) that the objection to proof of claim and claim for contempt damages fails to state a claim for which relief can be granted. The court agrees, and for the reasons set forth below, will dismiss the torts claims, objection to proof of claim, and the claim for contempt damages.

### III. DISCUSSION

**A. Subject Matter Jurisdiction Over Counts Two and Five**

Counts Two and Five of the Debtors' complaint allege claims for tort damages, based on standards of care provided under various federal statutes, which the Debtors allege the Bank violated by filing an un-redacted proof of claim – an act that occurred post-petition. Thus, the issue is whether the court has subject matter jurisdiction to hear proceedings on the Debtors' post-petition causes of action.

By order of reference from the district courts, bankruptcy courts have subject matter jurisdiction over all cases under title 11 and all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a) & (b), 157(a). A proceeding arises under title 11 where either bankruptcy law creates the relief sought or the right to relief necessarily depends on resolution of a substantial question of bankruptcy law. *Poplar Run Five Ltd. P'ship v. Virginia Elec. & Power Co. (In re Poplar Run Five Ltd. P'ship)*, 192 B.R. 848, 855 (Bankr. E.D. Va. 1995) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *accord Dwyer v. First Nat'l Bank (In re O'Brien)*, 2009 U.S. Dist. LEXIS 42835 at *10 (S.D.W. Va. May 19, 2009) ("[A] proceeding [arises under title 11 or arises in the bankruptcy case] . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). Proceedings "arise in" the bankruptcy case when the proceedings "are not based on any right expressly created by [t]itle 11, but nevertheless, would have no existence outside of the bankruptcy." *Valley Historic Ltd. P'ship v. The Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007). A proceeding relates to a bankruptcy case if "the outcome of that

proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* Furthermore, "[t]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.*; *see also Spiers Graff Spiers v. Menako (In re Spiers Graff Spiers)*, 190 B.R. 1001, 1006 (Bankr. N.D. Ill. 1996) (holding that a dispute does not relate to the bankruptcy case where the dispute "does not involve property of the estate, does not affect the administration of the estate, and resolution of [the] dispute will not affect recovery of creditors").

The Debtors' tort claims are based on alleged standards of care that exist independently from the bankruptcy case, and depend on the resolution of non-bankruptcy law. Thus, the tort claims neither arise under title 11, nor arise in a case under title 11. Moreover, the alleged actions by the Bank occurred post-petition so that any potential recovery on the claims is not property of the estate; and litigating the tort causes of action cannot affect the administration of the Debtors' bankruptcy estate. 11 U.S.C. § 541(a)(1) (describing estate property as comprising "all legal or equitable interests of the debtor in property as of the commencement of the case."). Thus, the court has no subject matter jurisdiction over Counts Two and Five, because the causes of action neither arise under title 11, arise in a case under title 11, nor relate to the Debtors' bankruptcy case.

## B. Count One: Objection to Proof of Claim

Count One is an objection to the Bank's proof of claim on the grounds that the Bank violated Rule 9037 by filing an un-redacted proof of claim. Even taking the Debtors' allegations as true, Count One alleges no facts to support a disallowance of the Bank's proof of claim.

Section 502(b) of the Bankruptcy Code provides that a claim shall be allowed "except to the extent that" the claim falls into the nine specific categories listed under subparagraphs (1) through (9). Here, un-redacted proofs of claim are not included in the list under § 502(b). Therefore, the Debtors have alleged no fact showing that they are entitled to the disallowance of the Bank's proof of claim.

## C. Counts Three and Four: Contempt

Counts Three and Four allege contempt damages for violations of Rule 9037. Pursuant to § 105(a) of the Bankruptcy Code, the court is authorized to enforce the Federal Rules of Bankruptcy

4

Procedure, which include Rule 9037. 11 U.S.C. § 105(a); *see, e.g., French v. American Gen. Fin. Serv. (In re French)*, 401 B.R. 295, 314 (Bankr. E.D. Tenn. 2009); *Carter v. Checkmate, Cash Advance Centers, LLC (In re Carter)*, A.P. No. 09-00132-TOM, 2009 LEXIS 3568, at *8 (Bankr. N.D. Ala. October 23, 2009) (remedy for Rule 9037 violations is to limit access to un-redacted information, but § 105(a) authorizes sanctions for flaunting Rule 9037). While the court has the authority to issue contempt orders in enforcing the redaction requirements under Rule 9037, and the act of violating Rule 9037 may, in some circumstances, give rise to contempt damages, *Haley v. Gorell Windows & Doors, LLC (In re Haley)*, 418 B.R. 467, 469 (Bankr. M.D. Fla. 2009) (noting that "Rule [9037] could potentially give rise to a contempt action"), the court finds that the Debtors have not alleged sufficient facts to show that they are entitled to such relief in this case. In particular, the Debtors have already been granted a remedy under Rule 9037, and have alleged facts that show neither an act of contempt by the Bank, nor that the Debtors suffered damages sufficient to support a contempt award.

The remedy for violations of Rule 9037 is either redaction or for the court to restrict access to un-redacted information. Fed. R. Bankr. P. 9037(d); *Carter v. Flagler Hospital, Inc. (In re Carter)*, 411 B.R. 730, 736 (Bankr. M.D. Fla. 2009). Nevertheless, courts have found that "[s]anctions would be appropriate where it is shown that a creditor flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently." *In re Carter*, at 737 (internal quotation omitted).

Here, the Debtors have been granted a remedy under Rule 9037. In the Debtors' Chapter 7 case, the court granted the Debtors' motion to restrict access, and the clerk's office restricted access to the Bank's proof of claim on the same day that the Debtors filed their motion. Thus, while the Debtors' sensitive information was exposed to public access for a limited amount of time – October 5, 2009 through October 14, 2009 – any violation of Rule 9037 has been remedied.

While the Debtors' complaint shows that the Bank violated the redaction requirements under Rule 9037, it does not show that they are entitled to recover damages for contempt. After the court granted the Debtors relief, the Bank did not file another proof of claim. The complaint alleges no acts that rise to the level of a flagrant violation of Rule 9037 that would support a contempt award.

Moreover, the Debtors have failed to allege sufficient damages. "Damages which are in their

5

nature uncertain, speculative, or contingent cannot be recovered.  Damages which are wholly uncertain cannot be made certain by the adoption of some arbitrary standard of loss." 5C *Michie's Jurisprudence of Va. & W. Va., Damages* § 13 (2009).  Here, the only damages alleged by the Debtors is that their sensitive information was exposed to the public and that they have suffered emotional distress from the fear of the risk that the information could be abused in the future.  That harm, however, is too speculative to provide a sufficient basis to show that the Debtors are entitled to relief.  *See Killian v. Green Tree Servicing, LLC, (In re Killian)*, Adv. Proc. No. 08-80250-HB, 2009 Bankr. LEXIS 2030, at *29 (Bankr. D.S.C. July 23, 2009) (dismissing a claim for damages on the grounds that potential identity theft and costs of credit monitoring are speculative damages).

### IV. CONCLUSION

Because the court lacks subject matter jurisdiction to adjudicate the Debtors' tort actions in Counts Two and Five, those Counts will be dismiss.  Because Count One fails to allege sufficient facts showing that the Bank's claim should be disallowed, Count One will be dismissed.  Finally, because Counts Three and Four fail to allege facts that show that the Debtor is entitled to a contempt award, those Counts will be dismissed.

Pursuant to Rule 7058, the court will enter a separate order consistent with this memorandum opinion.